J. C. SLORAH AND CLARA B. SLORAH, HIS WIFE, AND SAMUEL T. SHAYLOR, *Appellants,* v. CECIL WILCOX, *Appellee.*

When on the issues made by answers to a bill to foreclose two mortgages, the evidence is conflicting, and of such a character that it cannot be said to preponderate against the conclusions of the chancellor, the final decree will not be reversed.

This case was decided by Division B.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Kay, Doggett & Smith,* for Appellants;

*Bryan & Bryan,* for Appellee.

HOCKER, J.—On the 23rd April, 1908, the appellee Wilcox filed a bill in the Circuit Court of Duval County to foreclose, 1st a mortgage to secure $7000.00, dated 5th April, 1905, embracing lots 2, 3, 4 and 5 in Block 28, Springfield, Jacksonville, executed to him by J. C. Slorah and Clara B. Slorah; 2nd, a mortgage to secure $1000.00, dated May 30th, 1906, executed by the same parties, and conveying the same lots; and 3rd, a mortgage for $2000.00, dated 25th February, 1907, executed by J. C. Slorah and his wife Clara B. Slorah to the Guaranty Trust and Savings Company covering the same property. It is alleged that on September 3rd, 1907, the name of the Guaranty Trust and Savings Company was changed to the Guaranty Trust and Savings Bank, and that on the 27th March, 1908, the said Savings Bank for a valuable consideration

assigned the last mentioned mortgage to the complainant Wilcox. Notes for the several amounts mentioned in these mortgages were executed and delivered with the mortgages and the note for $2000.00, was assigned to Wilcox with the mortgage. It is alleged that Samuel T. Shaylor claims some interest in lots 2 and 3 described in said mortgage, the exact nature of which is to the complainant unknown, but it is averred that any interest he may have is inferior and subject to the liens of the complainant. The notes are attached to the mortgage as exhibits.

Defendant Shaylor answered the bill alleging in substance, that on the 23rd February 1907, defendants J. C. Slorah and Clara, his wife, conveyed to him by warranty deed lots 2 and 3 described in the bill for a consideration of $8500.00, of which sum $500.00, was paid in cash, and the rest evidenced by his note for $8000.00, payable six years from date, and secured by a mortgage on said lots. That before the execution of said deed and mortgage and the payment of the $500.00 in cash, it was mutually agreed between himself and Wilcox and Slorah, that complainant Wilcox would release said lots 2 and 3 from the first two mortgages mentioned in the bill, and in lieu thereof, would accept the note and mortgage executed to Slorah and wife, by himself; that he was immediately put into possession of said lots and has remained in possession ever since, claiming said lots in fee simple; that Wilcox has since refused to release said lots, although Slorah has frequently offered to assign said note and mortgage to him. Shaylor also alleges in his answer that he has paid the first interest coupon on his said note. but has refused to pay for the interest on account of the failure of Wilcox to release said lots from said mortgages. The answer further alleges that he was in open and notorious possession of said lots 2 and 3 as owner at the time and before the execution of the last mortgage mentioned in the bill.

J. C. Slorah and Clara B. Slorah answered the bill, setting up in substance as a defense to the foreclosure on lots 2 and 3 the sale thereof to Shaylor and the possession and agreement of Wilcox, as set forth in Shaylor's answer to satisfy his two mortgages on said lots, and accept Shaylor's note for $8000.00, and his mortgage to Slorah and wife, of said lots to secure said note. That acting on this agreement, Shaylor paid $500.00, to them in cash, and executed the note for $8000.00, and the mortgage to secure the same on said lots. That said note and mortgage was tendered to Wilcox, but he refused to accept the same, and continues so to do. The answer alleges that no foreclosure of these mortgages should be had, because of said agreement of Wilcox to satisfy them.

Replications were filed to these answers and the testimony of the parties taken. On a final hearing the Circuit Judge made a final decree of foreclosure in favor of Wilcox on the 15th September, 1909, which upon an application for rehearing on the part of J. C. Slorah and his wife Clara B. was on the same day reformed so as to require the special master to pay anything remaining of the proceeds of the sale of said lots two and three into the registry of the court instead of to the defendant Shaylor or his Solicitors of record.

From these decrees an appeal was taken to this court.

There is no dispute about the law applicable to the facts as they are set forth in the answers of the defendants, it being admitted that the defense set forth was a good one, if sustained by the testimony. But it is contended by the appellants that the Circuit Judge erred in his judgment of the testimony. We have read and considered the evidence submitted, in the light of the surrounding circumstances as shown therein and we are unable to say that the Circuit Judge erred. The evidence was conflicting.

We can see no good result from setting it out in this

opinion, or from presenting herein a critical analysis of it.

Our conclusion is, that the decrees appealed from be affirmed.

TAYLOR, P. J., and PARKHILL, J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.