F. M. BAGGOTT et al., Appellants, v. S. OTIS et al., Appellees.

Opinion Filed May 20, 1913.

1. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet in that case they should not be disturbed by an apellate court, unless they are clearly shown to be erroneous.

2. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a

final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows that it was erroneous.

3. A finding by a chancellor on conflicting evidence will not be disturbed by the appellate court, where the mind cannot repose with entire confidence and certainty on a conclusion in favor of either party.

Appealed from the Circuit Court of Santa Rosa County.

Decree affirmed.

*Sullivan & Sullivan,* for Appellants;

*Reeves & Watson & Pasco,* for Appellees.

SHACKLEFORD, C. J.—S. Otis and W. W. Harrison filed their bill in chancery against F. M. Baggott and J. F. Poore, wherein they alleged that the complainants were "the due and lawful owners in fee simple" of a certain parcel of land, "known as the Joseph Bonifay Grant, being section nineteen (19) in township one (1) south of range twenty-eight (28) west," which was "wild, unenclosed, timbered land" and chiefly valuable for the timber growing thereon. The bill further alleged that the defendants had entered upon such land, "without authority or right, without consent and over the protest of said complainants," and were cutting boxes in the pine trees growing thereon for turpentine purposes, which would result in "great and irreparable damages" to the complainants, unless the defendants were restrained from so trespassing upon the land by an order

of the court. The relief sought was a restraining order or temporary injunction, which was to be made perpetual on the final hearing, and general relief. The oath to the answer was expressly waived. The defendants filed their answer, in which they denied practically all the material allegations in the bill, especially that the complainants were "the true and lawful owners in fee simple" of the land in question. A restraining order was granted as prayed for in the bill, a replication was filed to the answer, and the cause was referred to a special master to take the testimony of the respective parties. A large amount of testimony was so taken and the cause came on for a final hearing upon the pleadings and the reported testimony, which resulted in a final decree being rendered in favor of the complainants, wherein the restraining order previously issued was made perpetual. From this final decree the defendants have entered their appeal and have assigned three errors, all of which question the correctness of such decree and of the restraining order and are argued together by the respective parties. We shall likewise so treat them.

The defendants contend that the evidence fails to establish the title of the complainants, but does establish, or at least strongly tends to do so, title in Mrs. H. S. Keyser, the lessor of the defendants, both by reason of adverse possession of the land for the statutory period and by reason of the presumption of a deed from the original grantee to one of her predecessors in title. We have carefully read all the evidence and recognize the fact that there are serious conflicts therein and also that it is not as clear and satisfactory upon certain material points as we would like to have it. This is doubtless due in part to the length of time which has elapsed

since the grant of the land by the Spanish Government in 1817 to Joseph Bonifay, by whom the land was devised to certain of his children, through whose children and heirs the complainants claim title by virtue of certain deeds executed by them, and also to the further fact that the court house and public records of Santa Rosa County were destroyed by fire in 1869. The Judge below reached the conclusion, after hearing the arguments of the counsel for the respective parties and after an examination of the pleadings and evidence that the complainants had sufficiently established their ownership of the land to entitle them to the injunctional relief sought against the defendants and that the defendants had failed to maintain their contentions. We have repeatedly held that, while the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows that it was erroneous. See Baxter v. Liddon, 62 Fla. 428, 56 South. Rep. 410, where prior decisions of this court are cited. As was held in Kemp v. Turman, — Miss. —, 61 South. Rep. 548, "A finding on conflicting evidence will not be disturbed by the court on appeal, where the mind cannot repose with entire confidence and certainty on a conclusion in favor of either party." Test-

ed by these principles, we are of the opinion that the decree must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.