A. GUERRA, *et al.*, *Appellants*, v. CLORINDA GUITERREZ, *Appellee*.

Opinion Filed January 6, 1914.

In equity, as at law, every presumption is in favor of the correctness of the ruling of the trial judge, and a decree based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous. Especially is this true where the testimony was taken before the trial judge.

Appealed from the Circuit Court of Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*John T. Watson, Jr.,* for Appellants;

*H. D. Webster,* for Appellee.

SHACKLEFORD, C. J.—Clorinda Guiterrez, by her next friend Pedro Sierra, filed her bill in chancery against A. Guerra and J. Guerra, late copartners doing business as A. Guerra & Son, in which the principal relief sought was to have certain goods and chattels set aside to the complainant as exempt under the constitution of Florida, it being alleged that the complainant was the head of a family residing in this State. The defendants had caused a writ of attachment to be levied upon such property as the property of Ramon Guiterrez and Carlos Guiterrez, copartners trading together under the firm name and style of C. Guiterrez & Brother. The defendants filed an answer in which they denied material allegations of the bill. No replication seems to have been filed to the answer, but an agreement of the respective counsel was filed to the effect that the Circuit Judge should proceed to hear the cause upon the merits as shown by the bill and answer and render a final decree therein. In pursuance of such stipulation of counsel, the Circuit Judge proceeded to hear such cause and rendered a final decree in favor of the complainant, in which he recited that the testimony was adduced before him in open court. From this decree the defendants have entered their appeal. The assignment which is chiefly relied upon and which

may be said to be the only one which is argued is the sixth, which reads as follows:

"Sixth. Because the Court erred in decreeing that the property involved in this cause is not partnership property."

It might well be questioned as to whether the evidence is so incorporated in the transcript as to be properly before us for consideration, but, as no point is made as to this, and the respective counsel ask us to consider it, we have proceeded to do so and after a careful examination thereof are of the opinion that it sustains the finding of the Circuit Judge. In this case, as we have already stated, the testimony was taken in open court before the Judge, who was thereby afforded the opportunity of seeing and hearing the witnesses. As we have repeatedly held, "In equity, as at law, every presumption is in favor of the correctness of the ruling of the trial judge, and a decree based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous." Mock v. Thompson, 58 Fla. 477, 50 South. Rep. 673. The decree must be affirmed.

TAYLOR. COCKRELL, HOCKER AND WHITFIELD. J. J., concur.