A. W. SMITH, *Appellant*, v. P. O'BRIEN, *Appellee.*

Opinion filed February 13, 1918.

1.　In a suit in equity where the answer of the defendant sets up a failure of consideration for the obligation sued on, the burden of proving a consideration is upon the complainant in the bill.

2.　The finding of the Chancellor on the facts, where the evidence is taken before a special master, should not be disturbed by an appellate court unless such findings are clearly shown to be erroneous.

Appeal from Circuit Court for Alachua County, J. T. Wills, Judge.

Decree affirmed.

*T. W. Fielding* and *Evans Haile,* for Appellant;

*B. A. Thrasher,* for Appellee.

WEST, J.—This suit was brought in the Circuit Court of the Eighth Judicial Circuit in Alachua County by the appellee as complainant, to foreclose a mortgage given by appellant to appellee upon certain designated and described real estate situate in Alachua county.

The mortgage was made by appellant to appellee and was given to secure the payment of a certain promissory note made and delivered by appellant to appellee contemporaneously with the execution of the mortgage.

The bill of complaint is in the usual form in such cases.

The following is the answer filed by the defendant:

"Defendant says that no consideration whatever was given by the complainant to defendant or received by defendant by complainant for the note and mortgage sued upon herein: For that one W. C. Malin, of Hawthorne, Florida, made representations to defendant that a certain ice manufacturing establishment doing business in Hawthorne, Florida, was a corporation duly authorized and empowered to make and sell ice and carry on a cold storage business and that if defendant would buy $1250.00 worth of stock in the alleged corporation named and called Hawthorne Manufacturing Company he would have issued to defendant certificates of stock in said alleged corporation in the sum of $1250.00. That the note and mortgage sued on herein was made and given to said P. O'Brien, at the solicitation and request of said W. C. Malin for stock in said alleged corporation, and for no other consideration, and this fact the complainant well knows. And there was not at the dates of said representations, or at the date of said note and mortgage, and there is not now, and there never has been any such corporation as represented by said W. C. Malin, and the said Hawthorne Manufacturing Company is not

a corporation; and defendant never has received any certificates of stock, or any stock in any such corporation or in any corporation, and no stock has been offered or tendered him. And all other matters, averments or things set out and stated in the bill defendant denies and demands proof of them. And defendant prays to be discharged from this suit with costs."

A decree having been rendered for the complainant the defendant duly entered his appeal to this court.

The errors assigned are (1) that the court erred in deciding that the equities in said cause are with the complainant, and (2) in rendering and entering a final decree in favor of the complainant.

By these assignments of error the only question presented to this court for consideration is whether or not the evidence offered is sufficient to support the final decree from which the appeal is taken.

The answer of the defendant sets up a failure of consideration for the obligation sued on, and the rule in such cases is that the burden of proving the consideration is upon the complainant in the bill. Otis v. McCaskill, 51 Fla. 516, 41 South. Rep. 458; Braxton v. Liddon, 49 Fla. 280, 38 South. Rep. 717; Kellogg v. Singer Manuf'g. Co., 35 Fla. 99, 17 South. Rep. 68.

Another applicable principle frequently reiterated by this court, is that the findings of the Chancellor on the facts where the evidence is taken before a special master should not be disturbed by an appellate court unless such findings are clearly shown to be erroneous. Simpson, Trustee v. First National Bank of Pensacola, decided at this term; Guerra v. Guiterrez, 66 Fla. 570, 64 South. Rep. 232; Baggott v. Otis, 65 Fla. 447, 62 South. Rep. 362; Barnes & Jessup Co. v. Williams, 64

Fla. 190, 60 South. Rep. 787; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 South. Rep. 615.

Applying the foregoing principles we think there is no reversible error in the decree appealed from.

The consideration given for the note and mortgage of the defendant foreclosed was the "rights, title and interest" of W. C. Mahin in the Hawthorne Manufacturing Company, a copartnership which owned a plant located at Hawthorne, Alachua County, Florida, and was engaged in the manufacture of ice, the amount of the note having been advanced and paid by the complainant to Mahin.

The conveyance of such interest to the defendant may not be in proper form, but his may be corrected by the voluntary action of the parties, or by appropriate proceedings taken for that purpose. There can be no doubt that it was intended as a transfer of the interest of Mahin in the plant and property of said company and contemporaneously therewith the defendant took possession of the plant as manager and operated it for several weeks.

No useful purpose would be served by setting out the evidence in this opinion. We have carefully examined it, and in our opinion the decree appealed from is fully sustained by the evidence.

The decree will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.