JOSEPH MANASSE, *Appellant,* v. THE DUTTON BANK, *Appellee.*

Opiinon filed March 2, 1918.

While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

Appeal from Circuit Court for Alachua County, J. T. Wills, Judge.

Decree affirmed.

*T. B. Ellis,* Jr., for Appellant;

*W. S. Broome* and *J. C. Adkins,* for Appellee.

WHITFIELD, J.—This is the third appeal herein. See 68 Fla. 316, 67 South. Rep. 120, and 70 Fla. 427, 70 South. Rep. 363.

On the previous appeals it was held that an interpleader is proper herein and that testimony should be taken on the merits of the cause in accordance with the agreement made with reference thereto.

It appears that Joseph Manasse owned a policy of insurance upon his own life payable to himself, on which he had borrowed $810.00; that to secure a loan of $1100.00 Manasse and wife on June 29, 1910, assigned to The First National Bank of Gainesville, Florida, "all our right, title and interest in Policy No. 559,193," etc.; that on the same day the following agreement was entered into:

Gainesville, Fla., June 29th, 1910.

"Joseph Manasse being the owner of policy No. 559,193 issued by The Mutual Life Insurance Company of New York, which policy is now held by said Company for a loan made by them to said Manasse of $810.00, hereby assigns to The First National Bank of Gainesville, Florida, all his equity in all accrued dividends which will be due to him thereon at the maturity thereof, which equity is estimated to be of the value of $1100.00, which assignment is made to secure the said Bank for certain loans made by it to said Manasse.

"In the event of the death of said Manasee before the maturity of this policy, The First National Bank aforesaid, shall receive out of the amount paid by The Mutual Life Insurance Company upon said policy, the same amount as it would have received from the equity above mentioned, if said policy had matured.

"Upon the maturity of said insurance policy the paid

up policy agreed by the said Insurance Company to be issued by it at that time, shall be issued to Dora Manasse, wife of said Joseph Manasse, by said Company, and free of any claims of said Bank.

"Witness:                      J. MANASSE,

W. R. McKinstry.        FIRST NATIONAL BANK OF

                                        GAINESVILLE,

G. T. Price.              ,    Gainesville, Fla.

                          ,        H. E. TAYLOR, V. P."

That in May, 1913, the policy matured having a reserve value of $1,302.19, and a dividend value of $639.81, making a total cash value of $1,942.00, from which was deducted the loan of $810.00, leaving a net cash value of $1,132.00. Manasse claimed that after deducting the loan of $810.00 from the value of the policy, leaving $1132.00, of which $492.19 was the reserve value and $639.81 the dividend value, he, Manasse, under his agreement with the First National Bank of June 29, 1910, set up above, is entitled to the $492.19 reserve value of the policy and the Dutton Bank as the assignee of The First National Bank is entitled to only $639.81 dividend value of the policy. The court found on the evidence that "The Dutton Bank is a bona fide holder for value, and took an assignment of the Insurance Policy in this case without, at the time, having any notice or knowledge of the agreement between the defendant, Joseph Manasse, and The First National Bank, purporting to qualify the assignment by said Manasse to said Bank, although afterwards and subsequent to the consummation of the assignment of said policy from The First National Bank to the defendant, The Dutton Bank, the said defendant did acquire notice of such agreement aforesaid, but the knowledge so acquired at

this time, could not avail the defendant, Manasse, in this cause." '

There is ample evidence to sustain this finding and the decree based thereon will not be reversed, there being no harmful errors of procedure made to appear. The decree accords with law and justice.

While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the came weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous. Johns v. Bowden, 72 Fla. 530, 73 South. Rep. 603; Simpson v. First Nat. Bank. of Pensacola, 74 Fla. 539, 77 South. Rep. 204.

Decree affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.