HENRY MICKENS, *Appellant*, v. MARY RODRIGUEZ MICKENS, *Appellee.*

Opinion filed March 7, 1918.

The findings of the Chancellor on the facts where the evidence is taken before a special master should not be disturbed by an appellate court unless such findings are clearly shown to have been erroneous.

Appeal from Circuit Court for Monroe County, H. Pierre Branning, Judge.

Decree affirmed.

*W. Hunt Harris*, for Appellant;

*J. F. Busto*, for Appellee.

ELLIS, J.—Henry Mickens brought suit for divorce in the Circuit Court for Monroe County against Mary Rodriguez Mickens, his wife, upon the grounds of desertion.

The Chancellor on final hearing denied the relief prayed for and dismissed the bill. The complainant appealed.

The only question presented for our consideration is whether the evidence which was taken before a Special Master and by him reported to the court clearly shows that the Chancellor's conclusions were erroneous. See Simpson v. First National Bank of Pensacola, 74 Fla. 539, 77 South. Rep. 204.

We have carefully examined the record and read with much interest the able briefs for the respective parties in this cause, but we are unable to say that the Chancellor's decision upon the facts appears to have been clearly erroneous. It is true that the woman left the house of her husband in Key West and went to live in Miami. It is also true that she has manifested no disposition to return, but it does not appear that she was wholly at fault in leaving. In fact her departure seems to have been in a way forced upon her. At least there is evidence to support such a view. If during the period of her absence from Key West there was any time when

it could be clearly and definitely said that her desertion of the complainant had begun, we are unable to fix the date from the evidence. If she left her husband because of his harsh treatment of her, believing that her life or health was endangered by his harshness and cruelty, towards her, we cannot say that she should have immediately returned because he magnanimously offered to forgive her his brutal conduct and take her back to his home; nor do we think it would be equitable to hold her guilty of desertion from the first if she refused to accept the amende honorable.

The decree of the Chancellor is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.