NELLIE T. BOYD AS ADMINISTRATRIX, AND H. W. BOYD AS ADMINISTRATOR OF THE ESTATE OF W. T. BOYD, DECEASED, AND NELLIE T. BOYD IN HER OWN RIGHT, *Appellants*, v. LILLIAN MAYRUE GOSSER, *Appellee*.

Opinion Filed August 9, 1918.

Petition for Rehearing Granted November 13, 1918.

The findings of the Chancellor on the evidence will not be disturbed by the Appellate Court unless such findings of fact are clearly shown to be erroneous.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*McKay, Withers & Phipps* and *Jas. F. Glen*, for Appellants;

*Whitaker, Himes & Whitaker*, for Appellee.

WEST, J.—Two suits of the same character between the same parties were, by order of the Chancellor, consolidated. The object of each of the suits is the specific performance of an alleged contract in writing, between the complainant and the defendant's decedent, for the sale of certain real estate in the City of Tampa. The contracts are substantially the same in form and substance.

In the bill appearing first in the record the contract is as follows:

"Tampa, Fla., Hillsborough Co., 2/25/1912.

"It is hereby agreed between Mrs. L. M. Gosser, party of the first part, and W. T. Boyd, party of the second part, that said party of the first part, has paid the sum of $2,-800.00 and $200.00, paid for rent of said residence No. 120 W. Palm Ave. shall be added to this payment as cash, making total $3,000.00 paid by party of the first part to the party of the second part, for dwelling house No. 120 W. Palm Ave. and one store house No. 122 W. Palm Ave., now leased to B. H. Goldwire, for the term of five years, the party of the first part to receive all rents on said store and lease to be transferred to party of the first part, and insurance, on the property, and when abstract and warrantee deed are presented in the proper form for the property No. 120 W. Palm Ave. and No. 122 W. Palm Ave. It is understood that when said papers are presented with perfect title and on or before Jan. 23rd, 1913, a further sum of $300.00 is to be paid to W. T. Boyd, both payments amounting to $3,300.00, which is total price for said property.

Mrs. L. M. Gosser,
W. T. Boyd."

It is alleged that the consideration agreed to be paid for the described property, except the sum of $300.00, has been paid; that the complainant was let into possession of said property and is now in possession thereof, and she offers to bring into court and to pay when and as the court may direct the unpaid balance due under the terms of said contract. There is a prayer for specific performance and for general relief.

The answer admits the death of W. T. Boyd on a date prior to the time of the institution of the suits, and contains the following averments:

"Second. These defendants admit that on or about February 25th, 1912, the said W. T. Boyd was seized and possessed of the premises described in the bill of complaint, but deny that he desired to sell the same to the complainant, and deny that on or about the said time, or at any other time, he entered into a written agreement for the sale thereof to the complainant as set forth in the said bill of complaint, and deny that he ever at any time signed or executed the agreement mentioned in the said bill of complaint, or any agreement for the sale of the said premises to the complainant, and these defendants allege that there is in the possession of the complainant an agreement in the form mentioned in the said bill of complaint and which purports to have thereon the signature of the said W. T. Boyd, but these defendants allege that the said signature is a forgery and that the same was either made by the complainant or procured to be made by her by tracing from a genuine signature of the said W. T. Boyd as is more particularly set forth hereinafter.

"Third. These defendants deny that the complainant paid to the said W. T. Boyd the sum of Three Thousand

Dollars as recited in the aforesaid paper having thereon the forged signature of the said W. T. Boyd on account of the purchase price of the premises therein mentioned, and deny that the complainant made any payments of money whatsoever to the said W. T. Boyd on account of or to be applied to the purchase of the said premises."

Similar averments are contained in the bill and answer of the second suit. To the answers general replications were filed and testimony was taken. Upon the hearing a final decree was entered in favor of the complainant and from that decree this appeal was taken.

The decisive question in each case is admittedly one of fact, namely, whether or not the evidence sustains the Chancellor's decree.

An expert witness testified that in his opinion the signatures of W. T. Boyd to the contracts, the specific performance of which is sought, were forgeries, but there is much apparently credible positive evidence in the record to the effect that the signatures are genuine, and that defendants' decedent, during his life, stated on numerous occasions to a number of persons that he had sold the property to the complainant. There is also testimony in the record to the effect that the contracts had, at the time the bills were filed, been performed to the extent and in the manner alleged in the bills.

Counsel for appellants have presented orally and by briefs, with commendable zeal and ability, an argument for a reversal of the decree upon the theory that it is not supported by the evidence, but this court is thoroughly committed to the proposition that the findings of the Chancellor on the evidence will not be disturbed unless such findings of fact are clearly shown to be erroneous. Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 South.

Rep. 681; Manasse v. Dutton Bank, 75 Fla. 327, 78 South. Rep. 424; Mickens v. Mickens, 75 Fla. 391, 78 South. Rep. 287; Smith v. O'Brien, 75 Fla. 252, 78 South. Rep. 13; Simpson, Trustee, v. First National Bank, 75 Fla. 539, 77 South. Rep. 204.    We have carefully examined all the evidence. No useful purpose would be served in setting it out in this opinion. There is ample evidence to sustain the decree.    Applying the foregoing rule it inevitably follows that this contention cannot be sustained.

Error is assigned upon the refusal of the Chancellor to permit counsel for the defendants to undertake to illustrate at the final argument that the signatures to the contracts and certain receipts were forgeries made by tracings, by projecting enlarged images or photographs thereof in juxtaposition with enlarged images or photographs of genuine signatures upon a screen so as to show the line quality of the questioned signatures as distinguished from the line quality of the genuine signatures. Upon this point the decree is as follows:

"At the final hearing of said cause, during the argument of counsel, and after the Special Master had filed his report of the testimony, counsel for the defendants applied to the Court to go to some moving picture establishment in the city of Tampa, Florida, to permit, at said point, the counsel for the defendants, through the use of a moving picture machine and its operator, to cause to be projected upon the screen of the establishment an enlargement of certain plates filed in evidence as defendants exhibits Nos. A1, A2, A3 and A4 to illustrate the contention of the defendants that the two contracts involved in the said suits were forgeries, to which application the complainant, through her counsel, objected on the grounds that the application was not seasonably

made, that the court was not warranted in granting the same, and that the said proposed test could not be made applicable to all of the writings in dispute or to the genuine signatures of W. T. Boyd, deceased, filed in evidence, and the court being of the opinion that the said application was neither authorized nor that the court, in the exercise of its discretion, should grant the same, said application was denied, to which ruling counsel for the defendants then and there excepted."

The original contracts, as well as a number of the signatures of Boyd, which were admittedly genuine, were before the court. There was also in evidence a number of photographs of the genuine and of the questioned signatures, some of which were enlarged and others of the same size as the originals. In this situation, even if the proposed illustration was admissible, which we do not now decide, it was not reversible error to refuse the application.

From what has been said it follows that the decree must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.