ALLEN I. WHIDDEN, *Appellant*, v. S. H. ROGERS, JR., AS TRUSTEE IN BANKRUPTCY OF THE ESTATE OF ORDIA BASS, A BANKRUPT, *Appellee*.

Opinion Filed July 8, 1919.

1. The Chancellor's findings and conclusions on the facts will not be reversed unless it clearly appears that he erred in such conclusions.

2. Unnecessary matter caused to be inserted in the transcript of the record by one of the parties to an appeal will be done at the peril of the payment of the costs for the insertion of such matter. See Sup. Ct. Rule 24.

An Appeal from the Circuit Court for Osceola County; Jas. W. Perkins, Judge.

Decree affirmed.

*Massey* & *Warlow*, for Appellant;

*Landis, Fish* & *Hull, H. S. Hampton* and *F. J. Hampton*, for Appellee.

ELLIS, J.—This is an appeal from a final decree adjudging the sale of certain cattle by Ordia Bass to Allen I. Whidden to have been in fraud of the rights of the former's creditors and to be null and void.

The bill was filed by S. H. Rogers as Trustee in Bankruptcy of Ordia Bass, who in December, 1915, was adjudged a bankrupt upon his voluntary petition.

The case was heard by the Judge of the Seventh Judicial Circuit upon the bill, answer and evidence reported by the examiner.

The bill waived oath to the answer, but the defendant answered under oath, thereby saving to himself the benefits of an answer under oath which as to all averments responsive to the bill and which set up facts to which other testimony could be received, are to be taken as true unless disproved by evidence of greater weight than the testimony of one witness. See Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216. At the time the answer was filed in this case the above rule obtained in this State.

It is contended by counsel for appellant that the evidence in the cause submitted to the Chancellor does not support the allegations of the bill; that even if it did its probative force is not sufficient to overcome the aver-

ments of the answer that are responsive to the bill. That the Chancellor's findings therefore are shown to be clearly erroneous and the decree should be reversed.

The bill alleges that at the time Ordia Bass transferred and assigned the six hundred head of cattle to Allen I. Whidden, Bass was insolvent and acted in the matter in contemplation of bankruptcy; that the transfer was made without valuable consideration and for the purpose of hindering, delaying and defrauding the creditors of Ordia Bass. The answer denies these allegations and avers that the defendant purchased the cattle in good faith for a valuable consideration, which was nine thousand dollars, one thousand of which being paid in cash, and notes for the remaining eight thousand dollars given, upon which the defendant "still remains liable."

The testimony in the case is not voluminous, covering only about fifty pages, and several pages of documentary evidence. Several witnesses were examined, among them the defendant, Allen I. Whidden, W. G. Bryan, a man engaged in the cattle business; J. R. Bronson, also engaged in such business; Oria Bass, the one who transferred the cattle to Whidden; S. H. Bullock, deputy sheriff of the court for Osceola county; B. S. Jenkins, who endorsed the notes of Whidden to Bass, given for the balance due on the purchase price of the cattle; Rull Bass, father to Ordia Bass, and another. Ordia Bass is brother-in-law to Allen I. Whidden, who is a cigar box maker in Tampa and earns about fifteen dollars per week. He has a wife and one child and owns his own home, which cost him about five hundred dollars, which money he saved from the joint earnings of himself and wife, and with which he recently acquired the property.

Whidden v. Rogers, Jr., Trustee.—Opinion of Court.

It is urged by solicitors for appellant that the element of fraud in the transaction between Bass and Whidden was not established; that the Chancellor must have based his conclusion upon a mere suspicion upon which, of course, a decree should not be based.

We have read the testimony of the witnesses and the documentary evidence contained in the record, with the result that we have arrived at the same conclusion at which Judge PERKINS arrived. It is true that the paths of fraud are devious, but they are not past finding out. The way of some men with their creditors is not the "way of a serpent upon a rock, although the trail is often obscured and difficult. A fact here and there is often the only indication of the course taken by the perpetrators of the fraud, but the way leads from wrongdoer to victim by paths that are not less certain because awry. A discussion of the evidence would be of little or no value. Judge PERKINS, after considering it, was convinced of the fraudulent purpose of the sale and the participation of the two principals in the design to defraud and delay the creditors of Bass. From very many circumstances, which some persons are pleased to ignore, or explain away upon the ground supposed to exist for the argument's sake, that it is customary with that "class" of people to so conduct themselves, we also have concluded that Bass and Whidden agreed that they would confound the former's creditors at least for a time to the end perhaps that he might have a better opportunity to discharge his obligations to all of them, whensoever in his judgment that time might arrive. But such purpose was fraudulent in the view of the law, and cannot stand against its censure. To enumerate the many unusual conditions, cir-

cumstances, features of the transaction which lead up to the conclusion we have reached would be of no service to any one, and each circumstance within itself would probably appear to be too insignificant to mention, but taken as a whole they mark the pretended sale with the unmistakable brand of fraud.

Having this view of the evidence, we will not disturb the Chancellor's decree.

This record contained about eighty-four pages of documentary evidence submitted to the court upon the application for a temporary injunction restraining Whidden from selling or moving the property. This evidence was again submitted to the Chancellor on final hearing, but there was no necessity nor excuse for its being twice put into the record in this cause, but was done at the request of appellee. So much therefore of the cost of this appeal as is represented by the preparation of the record from page eleven to ninety-five inclusive is hereby directed to be assessed against and charged to the appellees.

The decree of the Chancellor is affirmed. The clerk is directed to assess so much of the costs hereof as indicated herein to the appellees.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.