AMELIA K. SCHAEFER, HANNAH BUTTERWECK, EMMA PAGE, GEORGE OTTO BUTTERWECK, LILLIE REITHEL AND CAROLINE PAKE, *Appellants,* v. CHARLES C. VOYLE, CITIZENS BANK & TRUST COMPANY, A CORPORATION, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF LIZZIE A. BUTTERWECK, DECEASED, AND CHARLES C. VOYLE AND JAMES C. JENNINGS, JR., AS LEGATEES AND DEVISEES OF THE LAST WILL AND TESTAMENT OF LIZZIE A. BUTTERWECK, DECEASED, *Appellees.*

## Division B.

### Opinion Filed August 1, 1924.

### Petition for Rehearing Denied October 2, 1924.

1. Every person is presumed to be sane until the contrary appears, and in civil actions the burden of proof of insanity rests upon him who alleges it.

2. The finding of a Chancellor on conflicting evidence is presumptively correct, and where there is legal evidence to support it the decree will not be reversed unless it clearly appears to be erroneous.

3. Where it is shown that a testator had his will in his custody and it cannot be found after his death it is presumed, in the absence of other evidence, that he destroyed it with intention to revoke.

4. Generally wills are ambulatory and have no operation until the death of the testator.

5. The execution of a second will, which is afterwards destroyed by the testator, does not affect the validity of a will previously executed by him.

6. In the absence of a showing of contrary intent, the destruction by the testator of a will executed by him which contained a provision revoking former wills, may revive a will previously made by the testator and in existence at the date of his death.

An appeal from the Circuit Court for Hernando County, W. S. Bullock, Judge.

Order and judgment affirmed.

*F. B. Coogler* and *F. L. Stringer,* for Appellants;

*Robert W. Davis, Guss Wilder* and *Gibbons & Gibbons,* for Appellees.

WEST, J.—By this proceeding petitioners, who are appellants here, proceeding under the Statute (Sec. 3611, Rev. Gen. Stat.), seek to have the probate of a will revoked. The allegations generally of the petition are testamentary incapacity of the testatrix, undue influence exerted upon testatrix to induce the making of the will, and revocation of the will by a subsequent will of testatrix containing a revocatory provision, but which latter will was lost or destroyed or surreptitiously suppressed and was not found or produced after the death of the testatrix. Answer was filed

and evidence taken by the parties. Upon consideration on the merits by the circuit judge, the county judge being disqualified, there was an order and judgment confirming the probate of the will. This appeal is from that order.

There was a specific finding against petitioners by the trial court upon the questions of fact. The court found upon the proof adduced that petitioners had failed to sustain their allegations of testamentary incapacity of the testatrix and undue influence exerted upon her to induce the making of the will.

It is not considered that a summary of the evidence in this opinion would be productive of benefit. A number of witnesses were examined who had known the testatrix for a number of years and had had opportunities to observe her demeanor. The personal relations between some of the witnesses and the testatrix were intimate. Others of the witnesses were familiar with business transactions in which testatrix was interested and were familiar with her capacity to conduct the business in which she was engaged. Some of the witnesses were physicians. Others were not. Some of the witnesses expressed the conclusion that testatrix was mentally incompetent. Others reached the opposite conclusion.

Presumably testatrix was sane at the time the will was made. . The burden of rebutting this presumption and establishing incompetency to make a valid will or proving undue influence so operating upon her as to destroy the free agency of testatrix rested・upon ・petitioners. There is evidence to support the court's finding and it does not clearly appear to be erroneous. It will therefore not be disturbed. Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Douglas v. Ogle, 80 Fla. 42, 85 South. Rep. 243; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Whid-

den v. Rogers, 78 Fla. 93, 82 South. Rep. 611; Boyd v. Gosser, 78 Fla. 64, 82 South. Rep. 758; Brickell v. Town Ft. Lauderdale, 75 Fla. 622, 78 South. Rep. 681; Manasse v. Dutton Bank, 75 Fla. 327, 78 South. Rep. 424.

The will being contested is dated July 18, 1916. The will which petitioners allege effected a revocation of the former will was made, according to the evidence, in the fall of 1917, the exact date not being given. Not having been found since the death of the testatrix, and being in her custody, this will, in the absence of other evidence, is presumed to have been destroyed by testatrix with the intention to revoke. Schouler on Wills, 5 ed. Sec. 1084; Rood on Wills, Sec. 350; Jaques v. Horton, 76 Ala. 238; Scott v. Maddox, 113 Ga. 795, 39 S. E. Rep. 500, 84 Am. St. Rep. 263; Newell v. Homer, 120 Mass. 277; Hamilton v. Crowe, 175 Mo. 634, 75 S. W. Rep. 389; *In re* Colbert's Estate, 31 Mont. 461, 78 Pac. Rep. 971, 107 Am. St. Rep. 439; Williams v. Miles, 68 Neb. 463, 94 N. W. Rep. 705, 96 N. W. Rep. 151, 110 Am. St. Rep. 431; *In re* Hedgepeth's Will, 150 N. C. 245, 63 S. E. Rep. 1025; Stetson v. Stetson, 200 Ill. 601, 66 N. E. Rep. 262; *In re* Willitt's Estate (N. J.) 46 Atl. Rep. 519; Lane v. Hill, 68 N. H. 275, 44 Atl. Rep. 393, 73 Am. St. Rep. 591. Having been lost or destroyed, the execution and contents of this will are proved by parol. Assuming it to have been valid and to have contained a general clause revoking former wills, but to have been destroyed during the life of testatrix, what effect, if any, did its execution have upon the will of July 18, 1916, in existence at the time of the death of testatrix? It is conceded that this is the decisive question in the case. On behalf of petitioners it is contended that the execution of the latter will operated to revoke and annul the former one. But on the other hand it is contended that the latter will having been lost or de-

stroyed prior to the death of the testatrix, it, or the revocatory clause thereof, could have no effect whatever upon the former will.

Statutes on the subject of revocation of will are as follows:

"No such devise or disposition of lands, tenements or hereditaments, or any part or clause thereof, shall be revokable by any other will or codicil, unless the same be in writing and made as aforesaid; but every such last will and testament, devise or disposition may be revoked by any other writing signed by the testator, declaring the same to be revoked, or operating as a revocation thereof by law, or by burning, cancelling, tearing or obliterating the same by the testator or by his direction and consent, or by the act and operation of law." Sec. 3596, Rev. Gen. Stat.

"No will or writing concerning any personal property shall be revoked nor shall any clause, devise or bequest therein be altered and changed by any words, or will by words of mouth only, unless the same be in the life of the testator committed to writing, and after the writing thereof, read unto the testator and allowed by him, and unless such writing, reading and allowance be proved to have been done by three disinterested and credible witnesses." Sec. 3598, Rev. Gen. Stat.

Generally wills are ambulatory until the death of the testator (Colcord v. Conroy, 40 Fla. 97, 23 South. Rep. 561) and take effect as if executed immediately before his death, unless a contrary intent appears. McKinley v. Martin, 226 Pa. 550, 75 Atl. Rep. 734, 134 Am. St. Rep. 1076; Rudolph v. Rudolph, 207 Ill. 266, 69 N. E. Rep. 834, 99 Am. St. Rep. 211; Heaston v. Krieg, 167 Ind. 101, 77 N. E. Rep. 805, 119 Am. St. Rep. 475. By statute in this State every general or residuary devise or bequest in a will is construed to apply to property owned by the testa-

tor at the time of his death, unless restricted in the will to that owned by him at the time of its execution. Sec. 3594, Rev. Gen. Stat.

In Stetson v. Stetson, *supra,* the question presented was identical in principle to the question presented by this case. Applicable principles of the common law are in force in Illinois as they are in Florida and pertinent statutes of the two states are strikingly similar. The court said: "In the case at bar, the will, which is said to have been executed by Jesse Stetson between September 1, 1898, and his death on April 27, 1899, is shown by the testimony of the appellants to have been taken possession of by him as soon as it was executed, and to have been carried away from the office of the attorney, who is said to have drawn it, nor could it be found among his papers or elsewhere after his death. It is to be presumed, therefore, that Jesse Stetson destroyed this will *animo revocandi.* If he destroyed it with the intention of canceling or revoking it, it was cancelled or revoked as an entirety; so long as Jesse Stetson was alive, this second will was merely ambulatory, and had no operation, and could have no operation until his death. While it was thus ambulatory, and before his death, the presumption is that he destroyed it, and if he destroyed it, the clause contained in it, which revoked all former wills, was cancelled and revoked, as well as the balance of the will. It necessarily results that the former will of December 3, 1897, was revived when the subsequent will, containing the revoking clause, was cancelled or destroyed."

In Randall v. Beatty, 31 N. J. Eq. 643, the court considered a similar question. It was said: "The rule on the subject of a revival of a prior will by the revocation of a later one containing words of revocation, was, up to 1838 (when, by the enactment of a statute) (I Vict. Ch.

26) the question was put at rest, different in the courts of common law and the ecclesiastical courts in England, the former holding that the revocation of the latter will, of itself, worked a revival (Jarm. on Wills, 122, 123), while the latter held that, whether there was a revival or not, was a question of intention. * * * The will of 1870 is produced uncancelled. It is admitted that there is no revocatory will or writing extant, but it is alleged that all such instruments subsequently made by the testatrix, have been cancelled. The execution of the will of 1873 was not attended or followed by the cancellation of the will of 1870. Not withstanding the revocatory clause in the will of 1873, the will of 1870 was retained by the testatrix uncancelled, up to the day of her death. The fact that she so kept the will is the most cogent evidence of her intention that it should be revived by the cancellation of the will of 1873. * * * The true rule on the subject is, that where one will is revoked by another, the revocation is testamentary, and the revocation of the latter will revives the former.'' See Cheever v. North, 106 Mich. 390, 37 L. R. A. 561 and note with cases.

The rule at common law upon the question of the effect upon an earlier will of the destruction of a second one containing a revocatory provision, is not free from doubt. Schouler on Wills, 5 ed. Sec. 413. The holdings in the various jurisdictions are said to be irreconcilable conflict. 28 R. C. L. 195; Blackett v. Ziegler, 153 Ia. 344, 133 N. W. Rep. 901, 37 L. R. A. (N. S.) 291, Ann. Cas. 1913 E, 115. This is due in a measure to varying statutory provisions on the subject.

The will which petitioners allege operated as a revocation of the will of testatrix which was probated was last seen in the possession of testatrix. There is no evidence in the record to rebut the presumption that it was de-

stroyed by the testatrix with the intention of revoking it.
There was no error in the order and judgment confirming
the probate of the will.

The order and judgment appealed from are affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in
the opinion.