ALLEN, Acting Chief Judge.
This is an appeal from a final decree entered in a suit to cancel a deed and contract of one allegedly incompetent at the time of execution thereof. Appellees have cross-appealed from an order entered subsequent to such final decree in which defendant’s request for an accounting and for relief in the nature of a writ of assistance were denied. Rose Lamson, as Curator of the Estate of Margaret J. Wimmer, had sued G. H. Martin, Buckeye Holding Company and Jennis M. Stevenson for the purpose of canceling a deed by plaintiff’s ward to Buckeye Holding Company, of which company G. H. Martin was President, and a contract executed in connection with the same transaction. The decree dismissed complaint with prejudice, from which decree the plaintiff appeals and the appellees cross-appeal, as above mentioned. The testimony was taken before the chancellor on eight different days over a period of time beginning February 20, 1956, and ending June 12, 1956. Such testimony consisted of approximately 800 pages of transcript plus *118 several depositions. The appendix of appellant consists of 213 pages and the appendix of the appellees an additional 149 pages. At the conclusion of the testimony the chancellor entered the following decree:
"Upon consideration of the pleadings, testimony, and argument of counsel, this Court finds and determines that Plaintiff failed to prove by a preponderance of the evidence that Margaret J. Wimmer was mentally incompetent or acting under undue influence at the time she executed the contract and deed now under attack. After careful review, it appears that the sale transaction between Margaret J. Wimmer and the Defendants, G. H. Martin and Buckeye Holding Co., was regular, proper and for adequate consideration and was not such as would entitle the Court to cancel the documents and void the sale. In view of the foregoing it is
“Ordered, adjudged and decreed that the above entitled cause be and the same is hereby dismissed with prejudice, at the cost of Plaintiff, and it is further
“Ordered, adjudged and decreed that the Clerk of Court be and he is hereby directed tov cancel and discharge the Notice of Lis Pendens heretofore filed in this cause and recorded in Official Record Book 374, at page 177, of the Broward County records.”
Subsequently, the chancellor entered the following order:
“Costs be and the same are hereby taxed against the Plaintiff in the sum of $386.45.
“Defendant’s prayers for an accounting of rents and possession of the premises in question be and the same are hereby denied, without prejudice, for that a proper predicate therefor has not been made via pleadings or otherwise.”
The complaint was based on the following grounds: (1) the sale price was grossly inadequate, (2) the buyer defrauded the seller, (3) the seller was unduly influenced by buyer, and (4) the seller was incompetent at the time of the sale.
Practically all the testimony was based on the issue of incompetency. There is no testimony showing inadequacy of the purchase price. A very large number of witnesses testified in this case before the chancellor, including physicians. The testimony was very conflicting. A determination of the facts in such a situation belongs within the realm of the trier of the facts.
Where the findings of the Chancellor are supported by the evidence or where the evidence is conflicting, and there is substantial evidence to support the Chancellor’s findings, such findings will not be set aside unless the appellant makes it clearly to appear that substantial error was committed by the Chancellor in his conclusions, or that the evidence clearly shows them to be erroneous.
In the case of Travis v. Travis, 1921, 81 Fla. 309, 87 So. 762, 764, the Florida Supreme Court said of the plaintiff:
“ * * * That she was in a weakened mental and physical condition at the time of the execution of the deed is, from all the testimony, an inescapable conclusion, but it does not follow that she was incompetent at the time to make a valid conveyance of her property. To avoid the conveyance it is necessary to prove that the powers of her mind were so affected as to render her incapable of comprehending the nature and effect of the transaction. There is direct conflict in the evidence on this point, and it may be said that the witnesses for the complainants had a better opportunity of observing the conduct and of judging the mental condition of the grantor, but to this it may be replied that most of them were interested in the result of the suit, where *119 as the witnesses for defendant, with the exception of defendant himself, were, so far as the record shows, not interested. * * *
“The testimony seems to have been taken before the chancellor, and the rule is that, where the testimony is conflicting, but there is evidence to support the finding of the chancellor, the decree will not be reversed unless it clearly appears to be erroneous. Hill v. Beacham, 79 Fla. 430, 85 So. 147; Douglas v. Ogle, 80 Fla. 42, 85 So. 243; Whidden v. Rogers, 78 Fla. 93, 82 So. 611; Boyd v. Gosser, 78 Fla. 64, 82 So. 758, 6 A.L.R. 500; Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 So. 681; Manasse v. Dutton Bank, 75 Fla. 327, 78 So. 424; Mickens v. Mickens, 75 Fla. 391, 78 So. 287; Smith v. O’Brien, 75 Fla. 252, 78 So. 13; Simpson v. First National Bank, 74 Fla. 539, 77 So. 204; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A.L.R. 25; Guerra v. Guiterrez, 66 Fla. 570, 64 So. 232. Stated somewhat differently, the finding of a chancellor on conflicting evidence will not be disturbed by an appellate court where the mind cannot repose with entire confidence and certainty on a conclusion in favor of either party. Baggott v. Otis, 65 Fla. 447, 62 So. 362; Slorah v. Wilcox, 59 Fla. 601, 52 So. 12.
“The presumption is that the grantor was sane, and the burden of proof upon the issue of her alleged mental incapacity to make a valid conveyance was upon complainants. As we have said, there is conflict in the evidence upon this issue, and the decree appealed from does not clearly appear to be erroneous.”
In the recent case of In re Zimmerman’s Estate, Fla.1956, 84 So.2d 560, 561, the Supreme Court, in an opinion by Mr. Justice Thornal, discussed the weight to be given the determination of the trial judge in a probate case and said:
“The probate judge heard all of the witnesses, except those who testified by deposition, and, as we have observed in similar cases, he was in a much better position than we are to evaluate the effect of their testimony, and fit into the complex puzzle that confronted him the various pieces that went to make up the entire picture. Many of the witnesses he apparently knew personally or by reputation; he had an opportunity to view their reactions and the directness or apparent lack of sincerity of particular witnesses in giving their replies to questions. Through his direct contact with the case he was in a position to carry in his own mind the continuity of events as they unfolded before him on the witness stand. In fact, this record in our judgment clearly justifies the application of the rule which we have consistently followed that we will not interfere with the findings of fact or the conclusions of law reached by the probate judge on the basis of such factual findings unless there is an absence of substantial competent evidence to support the findings or the trial court misapprehends the legal effect of the evidence as a whole.”
We do not find any misapprehension of law on the part of the court below, so we affirm the lower court.
We also affirm the lower court on the cross-appeal of the appellees.
Affirmed.
SHANNON, J., and GERALD, LYNN, A. J., concur.