108 So.2d 312 (1959)
Stanley Lee TYLER, Appellant,
v.
Sara E. TYLER, Appellee.
No. 477.
District Court of Appeal of Florida. Second District.
January 16, 1959.
Henry O. Wilson, Tampa, for appellant.
Maynard Ramsey, of Bucklew, Ramsey & Phillips, Tampa, for appellee.
SHANNON, Judge.
This is an appeal by the plaintiff below from a final decree entered by the chancellor dismissing plaintiff's amended complaint with prejudice.
The facts are quite simple and show, upon the record, that the plaintiff was one of two sons of L.L. Tyler, deceased. The other son was the deceased husband of the defendant, having been killed in the war. L.L. Tyler, deceased, was seventy-six years of age and in poor health. He lived in Brandon, Florida, the defendant lived in Lakeland, and the plaintiff lived in Tampa. During May 1956 the plaintiff and defendant consulted an attorney in Tampa relative to having L.L. Tyler adjudged incompetent. The plaintiff did not agree with that and the defendant, as she was advised by the attorney, had no right to do so, not being related by consanguinity. On May 17, 1956 the defendant returned with L.L. Tyler to the attorney's office and the attorney prepared a contract and a deed between the two parties wherein the defendant agreed, in consideration for a deed from L.L. Tyler to his property in Brandon, to provide him with an adequate place to live, satisfactory to him, adequate food, clothing and medical expenses and other items as may be necessary for his welfare during his lifetime and would, upon his death, pay all of the expenses of his funeral and burial. Thereafter the defendant established L.L. Tyler in a boarding home in Lakeland where he would not be alone, moved upon his property, and paid out a total of $1,874.22 under *313 the contract. L.L. Tyler died on December 25, 1956. This suit was brought by the plaintiff for the cancellation of the deed to the defendant and for an accounting of moneys alleged to have been taken by the defendant from the said L.L. Tyler.
The testimony was taken before the chancellor and included many witnesses for both the plaintiff and the defendant, after which the chancellor entered the final decree, stating in part as follows:
"1. That the plaintiff has failed to carry the burden of proof and the equities of this cause are with the defendant and against the plaintiff;
"2. That the evidence fails to establish that the defendant converted any money or other property belonging to L.L. Tyler, deceased;
"3. That the contract between the defendant and the said L.L. Tyler, now deceased, which was introduced in evidence herein, is in all respects valid and fully executed;
"4. That the deed from the said L.L. Tyler, now deceased, to the defendant, recorded in Deed Book 1959, at page 57, of the Public Records of Hillsborough County, Florida, is in all respects valid.
"5. That no fraud was practiced on the said L.L. Tyler, now deceased, in connection with the execution of the aforesaid contract and deed;
"6. That the evidence shows that the said L.L. Tyler, now deceased, was competent to handle his own affairs at the time he entered into the aforesaid contract and at the time he executed the aforesaid deed."
The plaintiff has some nine points in his assignments of error and in his brief. But the real question involved is whether or not at the time of the execution of the contract and deed L.L. Tyler was incompetent, and whether or not the defendant had indulged in fraud or overreaching in connection with the contract, deed, and the obtaining of assets from L.L. Tyler.
The chancellor held, in general, that the plaintiff failed to carry the burden of proof and it is well settled in this state that where the evidence is conflicting and there is substantial evidence to support the chancellor's findings, the decree will not be set aside on appeal unless the plaintiff makes it clearly appear that substantial error was committed by the chancellor or that the evidence shows that his decree is erroneous.
This Court, speaking through Judge Allen, in the case of Lamson v. Martin, Fla. App. 1958, 104 So.2d 117, 118, said:
"Where the findings of the Chancellor are supported by the evidence or where the evidence is conflicting, and there is substantial evidence to support the Chancellor's findings, such findings will not be set aside unless the appellant makes it clearly to appear that substantial error was committed by the Chancellor in his conclusions, or that the evidence clearly shows them to be erroneous."
Judge Allen then quoted from the case of Travis v. Travis, 1921, 81 Fla. 309, 87 So. 762, in which the rule was stated to be as follows:
"`The testimony seems to have been taken before the chancellor, and the rule is that, where the testimony is conflicting, but there is evidence to support the finding of the chancellor, the decree will not be reversed unless it clearly appears to be erroneous. Hill v. Beacham, 79 Fla. 430, 85 So. 147; Douglas v. Ogle, 80 Fla. 42, 85 So. 243; Whidden v. Rogers, 78 Fla. 93, 82 So. 611; Boyd v. Gosser, 78 Fla. 64, 82 So. 758, 6 A.L.R. 500; Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 So. 681; Manasse v. Dutton Bank, 75 Fla. 327, 78 So. 424; Mickens v. Mickens, 75 Fla. 391, 78 So. 287; Smith v. O'Brien, 75 Fla. 252, 78 So. 13; Simpson v. First *314 National Bank, 74 Fla. 539, 77 So. 204; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A.L.R. 25; Guerra v. Guiterrez, 66 Fla. 570, 64 So. 232. Stated somewhat differently, the finding of a chancellor on conflicting evidence will not be disturbed by an appellate court where the mind cannot repose with entire confidence and certainty on a conclusion in favor of either party. Blaggott v. Otis, 65 Fla. 447, 62 So. 362; Slorah v. Wilcox, 59 Fla. 601, 52 So. 12.
"`The presumption is that the grantor was sane, and the burden of proof upon the issue of her alleged mental incapacity to make a valid conveyance was upon complainants. As we have said, there is conflict in the evidence upon this issue, and the decree appealed from does not clearly appear to be erroneous.'"
Again, in 5 Fla. Jurisprudence, page 252, it is said:
"In an action for the rescission or cancellation of an instrument, the burden is upon the complainant to establish his right to relief by clear and convincing evidence. Hence, in an action to cancel an instrument because of the mental weakness of the maker, the burden is upon the complainant to show that there was no intelligent execution by him of the instrument in question. Similarly, the burden rests on those seeking to set aside a deed, for incapacity of the grantor, to show such fact, since the presumption always supports the validity of the deed and the sanity of the grantor. Likewise, the burden of pleading and proving fraudulent misrepresentations as a ground for rescission and cancellation of an agreement is on the party seeking to avoid the contract on that ground."
Needless to say, the burden of proof was upon the plaintiff to show that at the time of the execution of the deed and contract L.L. Tyler was mentally incompetent. The record shows that there is conflict of testimony on this point and the chancellor, having decided that Tyler was mentally competent, not only upon the evidence of several witnesses, but upon testimony of the two doctors who examined or treated him from May 1956 until the time of his death, we cannot say that the decree of the chancellor was erroneous.
In Hassey v. Williams, 127 Fla. 734, 174 So. 9, 11, the rule was stated to be:
"This court is committed to the rule that mere mental weakness will not authorize a court of equity to set aside a deed if such weakness does not amount to inability to comprehend the effect and nature of the transaction and is not accompanied by evidence of imposition or undue influence. The presumption always supports the validity of the deed and the sanity of the grantor until overcome by a preponderance of the evidence. The deed will under no circumstances be voided unless proven that the mind of the grantor was so affected as to render her incapable of comprehending the nature and effect of the transaction. Clarke v. Hartt, 56 Fla. 775, 47 So. 819; Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Travis v. Travis, 81 Fla. 309, 87 So. 762; Baars v. Alger-Sullivan Lumber Co., 81 Fla. 308, 87 So. 918."
In Chisman v. Moylan, Fla.App. 1958, 105 So.2d 186, 190, Chief Judge Kanner, in discussing the weight which should be given the determination of the trial judge, said:
"The witnesses were all before the chancellor who personally heard the testimony and the argument of counsel. He found in favor of the appellees. This court, therefore, is confronted with the old and long established rule of law that where the trial judge hears the testimony every presumption favors the correctness of his judgment, and he who complains of error must make it clearly appear since an appellate court *315 will not overturn the judgment of the trial judge unless his findings are clearly against the weight of the evidence. Appellants have not met this test. The evidence is adequate to sustain the chancellor's determination that the broker did not commit a breach of duty owed to his principals."
No error having been made to appear, the decree of the chancellor is affirmed.
Affirmed.
KANNER, C.J., and FARRINGTON, OTIS, Associate Judge, concur.