ATWATER, et ux v. WALTERS, et ux.
No. C58-2849.

Circuit Court, Broward County.
June 15, 1960.

Paul Anton, Abrams, Anton & Robbins, Hollywood, for plaintiffs.

Howard P. Garman, Jr., Fort Lauderdale, for defendants.

TED CABOT, Circuit Judge.

This cause came on for final hearing on November 20, 1959, and March 3, 1960, on plaintiffs' complaint for specific performance of a contract to convey real property, on defendants' an-

swer alleging the mental incompetency of both defendants, the undue influence and fraud of plaintiffs on defendants, and inadequacy of consideration for said contract, and on defendants' oral amendment to said answer offering to restore payments made by plaintiffs thereunder.

The contract was entered into on December 15, 1955, and called for the sale by the defendants to the plaintiffs of four lots in an outlying subdivision of Pompano Beach, for a total purchase price of $1,600, of which a $500 down payment was made, and the balance was payable at $20 per month. The plaintiffs made a total of twenty-five of said payments and same were accepted by defendants, but when plaintiffs offered in August, 1957, to pay the remaining balance due under the contract in exchange for a deed of conveyance, the defendants declined to perform.

The transcript of the final hearing runs to 170 pages, and the principal thrust of the defendants is an attempt to show that they were incompetent at the time they entered into the contract. Both were subsequently committed to the South Florida State Hospital as incompetent. Later, during the course of this litigation, the defendant, Lizzie Walters, died, and Howard P. Garman was appointed administrator ad litem of her estate.

The psychiatrist called on behalf of the plaintiffs, Dr. Milton Graditor, testified that in his opinion the defendant, Lizzie Walters, was competent at the time of the transaction, and that the defendant, Ben Walters, had experienced lucid intervals during the period of time here material.

The psychiatrist called by the defendants, Dr. Clifford McIntyre, testified that in his opinion the defendant, Ben Walters, was incompetent when he executed said contract, but that there was a possibility that he could have experienced lucid intervals during the time in question.

Several of the children of the defendants and their wives and husbands testified, and in summation their testimony shows that the defendant, Ben Walters, was stubborn, headstrong and argumentative, and that the defendant husband and wife had many arguments as are not uncommon to marital situations. Several of said witnesses also testified that each of the defendants had discussed the sale of the lots and the payments being received on same at various times.

Attorney Walton, who had previously been acquainted with the parties, and who drafted the agreement for deed, stated that he drafted the agreements at the request of both plaintiffs and

defendants and that the defendants in his opinion knew the terms of the agreement, understood its import, and that there was nothing abnormal about their appearance or actions during the time the same was being drafted and executed. (Deposition of W. Marion Walton, plaintiffs' exhibit 2, page 6, et seq.).

There is no showing that the defendant, Lizzie Walters, was incompetent at the time of entering into the contract, nor is the evidence with respect to fraud or undue influence on the part of the plaintiffs towards the defendants of sufficient quality to constitute proof thereof. From the proofs before it, the court is unable to say that the defendant, Ben Walters, was incompetent at the time of entering into the contract, and the evidence preponderates, in any case, that Ben Walters had lucid intervals thereafter during the time he was accepting payments on account of subject contract. Acceptance of such payments during lucid intervals constitutes a ratification of the contract. Perper v. Edell (Fla. Sup. Ct.), 35 So. 2d 387. The burden is upon the defendants to show their incapacity by clear and convincing evidence. Travis v. Travis (Fla. Sup. Ct.), 87 So. 762. Tyler v. Tyler, (Fla. App. 2d), 108 So. 2d 312. They have failed to carry such burden.

The four lots in question are in an area of comparatively low property values, which values have increased sharply since the time of the entry into the contract, and it would appear that this increase in values has been the principal motivating factor in this cause of action and its defense.

The plaintiffs called the appraisers, E. V. Jackson and D. A. Krause, to testify as to the value of subject property in December, 1955, and they placed it at $3,000. The defendants' appraiser, Earl R. Chesler, placed its value at $5,100. The court recognizes the difficulty of placing a value on property when the appraisal work is done approximately four years after the appraisal date. In view of this circumstance, the difference in the appraised value and the amount of the contract does not shock the conscience of the court.

Accordingly, it is, ordered, adjudged and decreed—

That the equities of this cause are with the plaintiffs and against the defendants, and the plaintiffs be and they are hereby awarded a decree of specific performance as against the defendants.

That the plaintiffs shall pay to the defendants the sum of $673.85, which is found to be the sum due under said contract, and the defendants, forthwith upon payment of said amount

42

by plaintiffs execute and deliver to the plaintiffs a good and sufficient deed to the following described real property—Lots 8 to 11, inclusive, block 15, of Fairview Subdivision, according to the plat thereof recorded in plat book 10, page 25, Broward County Records.