

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-1894
Re: The term "convicted of a felony"
as used in the Texas Liquor Control
Act has reference to a final con-
viction.

This will acknowledge receipt of your letter of
January 24, 1940, in which you seek an opinion of this
department upon the propositions therein stated. We deem
it essential to here set out the pertinent parts of your
letter. They are:

"A beer retail licensee on December 12,
1939 applied for a beer retail license, which
license was issued on December 27, 1939 by the
Texas Liquor Control Board. In her application
for the license, the licensee represented to
the County Judge and to the Texas Liquor Con-
trol Board in answer to Question No. 9 therein
that the applicant had not been convicted of a
felony within two years next preceding the fil-
ing of the application.

"Investigation by the Texas Liquor Control
Board revealed that the applicant on May 19,
1937 had been convicted in the District Court
on a charge of failure to stop and render aid
and fined $500.00, to which action of the Dis-
trict Court an appeal had been filed in the Court
of Criminal Appeals on May 29, 1937. On Febru-
ary 16, 1938 the conviction was affirmed by the
Court of Criminal Appeals and appellant's motion
for rehearing was overruled on March 30, 1938,
and a mandate of the Court of Criminal Appeals
was issued on April 1, 1938.

"The licensee has been cited to appear and show cause why the license should not be cancelled for the reason that in her application for a beer retail license dated December 12, 1939 in answer to Question No. 9 the licensee represented that she had not been convicted of a felony within two years next preceding the filing of the application, whereas in truth and in fact the licensee had been convicted as above set out.

"Is the final conviction of the Court of Criminal Appeals, it coming within a two year period next preceding the filing of the application, such a conviction as to warrant the cancellation of the license by the Administrator for the reasons stated?"

You advise that the holder of the retail beer license involved in this inquiry was convicted in the District Court on May 19, 1937. Thereafter, the case was duly appealed, considered and affirmed. After the affirmance, the Court of Criminal Appeals overruled appellant's motion for rehearing and issued its mandate on April 1, 1938.

Article 667-5, Penal Code of Texas 1925, sets out in detail the requisites of the application which shall be filed by a person desiring a retail beer license. Subdivision (1) thereof, under heading "Manufacturer" likewise applicable to a retail beer dealer, provides, among other things, that the applicant show "that he has not been convicted of a felony within two (2) years immediately preceding the filing of such application." As noted from the opinion request, hereinabove quoted, the licensee involved herein made such application on December 12, 1939, and the license was issued by the Board on December 27, 1939, which dates were less than two years after the mandate of the Court of Criminal Appeals. Your opinion request resolves itself into the proposition of whether or not the "conviction" referred to in the application had reference to the judgment and sentence in the trial court or to the date of the final conviction in the appellate court.

Article 828, Code of Criminal Procedure of Texas, 1925, provides:

"The effect of an appeal is to suspend
and arrest all further proceedings in the
case in the court in which the conviction
was had, until the judgment of the appellate
court is received by the court from which the
appeal was taken. In cases where, after
notice of appeal has been given, the record
or any portion thereof, is lost or destroyed,
it may be substituted in the lower court, if
said court be then in session; and, when so
substituted, the transcript may be prepared
and sent up as in other cases. In case the
court from which the appeal was taken be not
then in session, the appellate court shall
postpone the consideration of such appeal un-
til the next term of said court from which
said appeal was taken; and the said record
shall be substituted at said term as in other
cases."

Under such statute, the defendant, possessing
the right to have his appeal passed upon by the appellate
court, cannot be made to suffer any of the punishment as-
sessed by the trial court until such time as the appellate
court has acted. Ex Parte Brandenburg, 140 SW 780.

Article 4929 of the Revised Statutes of Missouri,
providing that, if the charge against an attorney allege
a conviction for an indictable offense, the court shall,
on the production of the record of conviction, remove him
or suspend him from practice without further trial, does
not authorize his suspension pending appeal from the con-
viction. State ex rel Larew vs. Sale (Sup. Ct. of Mo.),
87 SW 967.

The court, in the case of People vs. Treadwell,
5 Pac. 686, in holding that "conviction" as used in a
statute providing for disbarment of an attorney meant a
"final conviction" and that a disbarment action brought
while the conviction was on appeal said:

"It has been frequently held by this court
that an appeal from a judgment of the former
district court to the supreme court operated as
a suspension of the judgment of the lower court

for all purposes, (Knowles v. Inches, 12 Cal.
213; Woodbury v. Bowman, 13 Cal, 635; People
v. Frisbie, 26 Cal. 135,) and by parity of
reasoning we must hold that an appeal from
the judgment of a justice's court to the
superior court has the same operation and ef-
fect. There is, therefore, no judgment of
the justice's court which is now capable of
being carried into effect; and it is quite
within the range of possibilities that the
judgment entered against the defendant and
now standing on the justice's docket may be
reversed in the higher court.

"In our opinion, there is not such a
final conviction against the defendant as the
law contemplates to justify his removal; and
we think the proceeding to that end has been
prematurely commenced."

The Supreme Court of California in the case of
In Re Riccardi, 189 Pac. 694, in considering the statute
involved in the case next hereinabove cited said:

"In the proceeding for disbarment based
upon the record of conviction, the judgment
which must be pronounced is one of absolute
and final disbarment. This disbarment is not
an 'incident' of the conviction of felony or
misdemeanor in the sense that such conviction
ipso facto removes the attorney from his
office, or is a part of the penalty prescrib-
ed by the law for the offense of which he
was convicted. It is a separate and indepen-
dent thing (see McKannay v. Horton, supra),
and is not in the slightest degree affected by
a setting aside or reversal of the judgment of
conviction of felony or misdemeanor. So that
unless a conviction that has become final was
meant, notwithstanding that the judgment is
reversed on appeal for substantial reasons,
as, for instance, that evidence of guilt of
any offense is absolutely wanting, or that the
defendant has not been accorded a fair trial

on the merits in the lower court, the judg-
ment of disbarment based solely on the re-
cord of conviction still remains, and the
attorney can be restored to his office as an
attorney and counsellor only in the event
that the court that has disbarred him sees
fit to grant his application for restoration;
something it is certainly not compelled to do
solely because of the reversal or setting
aside of the judgment of conviction. It will
not do, in reply to this, to say that this
court would have the power to restore and
ought to restore in such a case, if it cannot
be compelled to restore. Unless the attorney
has the absolute enforceable right to be re-
stored as a consequence of the setting aside
or reversal of the judgment of conviction--
in other words, unless the restoration ipso
facto follows the setting aside or reversal
of the judgment of conviction--he is depen-
dent on the exercise in his favor of the
discretion of this court, which may or may
not be in his favor as he is looked upon as
a fit or unfit person to practice law, en-
tirely regardless of the matter of the convic-
tion. Nor will it do to say that the rule
that where a judgment is based on a previous
judgment, and the previous judgment is re-
versed or set aside, the second judgment must
be set aside, applies here. If the term 'con-
viction' means, not the final judgment of con-
viction, but simply the rendition of a verdict
of guilty or a plea of guilty, as is the whole
contention of those who insist that People v.
Treadwell, supra, was wrongly decided, the
attorney is disbarred solely because of the
rendition of the verdict or the plea of guilty,
and those facts, viz., such rendition of verdict
or plea, remain and constitute the basis of
disbarment, whatever be the ultimate result
in the case. There seems to us to be no answer
to the proposition that the judgment of final
disbarment would continue in force, notwith-
standing the setting aside or reversal of the
judgment pronounced on the conviction of felony
or misdemeanor. It is unreasonable to assume
that the Legislature intended to provide for

obtaining this absolute and final disbar-
ment of an attorney, thus permanently de-
priving him of a valuable property right,
solely upon a conviction that is not final,
and which in due course of review is subse-
quently declared invalid, in the absence of
some provision for restoration as matter of
course upon the conviction being set aside.
The statute makes 'the record of conviction'
the basis of disbarment and conclusive evi-
dence thereon. These words in this connec-
tion imply something other than the mere
verdict of a jury, which may be vacated
either by the trial court or an appeal, as
entirely without support in the evidence.
Under our settled practice of many years,
they are considered as referring to the judg-
ment pronounced by the trial court upon a
conviction, and likewise, under our decisions,
the statute is accepted as contemplating a
judgment that has become final...."

The Supreme Court of Florida, in the case of
In Re Advisory Opinion to the Governor, 78 So. 673, said:

"While an officer may be suspended from
office 'for the commission of any felony' the
office is not 'deemed vacant' under Section
293 of the General Statutes, except upon 'con-
viction', and a conviction is not operative
while a supersedeas is effective."

Although much authority can be found to the con-
trary we believe the authorities herein cited represent
the great weight of authority in the United States. In
view of such holdings, we are of the opinion that "con-
victed of a felony" as used in the statute here under con-
sideration means a final conviction. Having so concluded,
it necessarily follows that the licensee involved herein
was convicted as of the date of the issuance of the mandate
by the Court of Criminal Appeals.

We next turn our attention to the question of
the right of the Board to cancel the license of licensee.

Article 667-19 of the Penal Code provides that

the Board shall have power and authority to cancel the license of any person authorized to sell beer (after notice and hearing) for the various reasons therein set out. One of the grounds for cancellation, as set forth in subdivision (g) thereof, is the making of any false or untrue statement in his application. We conclude that the licensee was convicted within two years next preceding the making of such application, giving rise to the right of forfeiture of her license.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AW

APPROVED FEB 27, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROV
OF IN O
COMMITT
BY
CHAIRMA

