THORNAL, Justice.
Appellant Ethel Childs appeals from an order of the Circuit' Court of Dade County affirming an order of the County Judge of Dade County refusing revocation of the last will and testament and codicil of Lizzie Thompson, deceased.
On December 5, 1949, the County Judge of Dade County admitted to probate the last will and testament and codicil of Lizzie Thompson, deceased, and on that date issued letters testamentary to the executor named in the will. On September 16, 1952,' Ethel Childs; alleging herself to be the sole, surviving heir of the decedent, filed before the County Judge a petition seeking revocation of the will and codicil on the ground that the testatrix lacked testamentary capacity when the same were executed. Six months later she amended her petition and further asked for revocation on the ground that the will and codicil were both forgeries. After extended hearings at which he heard many witnesses and examined many exhibits, the County Judge denied the petition to revoke the will. The order of the County Judge was affirmed by the Circuit Court on appeal. It is from this order of affirmance that this appeal was taken.
By his order refusing to revoke the probate of the will and codicil, the County Judge recited his consideration of the exhaustive testimony, depositions and exhibits and specifically found that the documents under attack were executed in full compliance with the laws of Florida, that the testatrix had testamentary capacity when they were executed and substantially denied the assault grounded on alleged forgery. In the order affirming the order of the County Judge, the Circuit Judge who heard the matter recited his own consideration of the voluminous record and properly recognized the limits of his appellate authority by reciting that the matter of the testamentary capacity and the proper execution of the will - and codicil were questions to be determined- by the County Judge, and that on appeal he found that there was substantial, evidence to support the findings of the trial Judge, and that it had not. been made to appear that the County Judge misapprehended the legal effect of the. evidence as a.n entirety.
As is-often the case in 'attacks'on wills-based'on similar contentions, the record on appeal to this Court consists of more than 500 pages of pleadings, testimony an.d exhibits. In many instances the conclusions-reached by the witnesses are in direct conflict as to the physical and mental capacity of the testatrix. In some respects it can be stated that .the conflicts are so well defined that they are irreconcilable. A handwriting expert testified that the signatures-on the questioned documents were not the signatures of the testatrix, while the witnesses to the documents, whose credibility and integrity were not effectively impeached, specifically testified that they actually saw her sign the documents.
Out of this maze of conflict and inferences, we can do little more than the Circuit Judge did by recognizing that it is the responsibility of the trial Judge in the first instance to arrive at a correct factual conclusion and to hold further that his conclusions will not be disturbed, absent a showing that they were not supported' by substantial competent evidence or that he misinterpreted the legal effect of the evidence as a whole.
In passing upon the instant appeal we cannot improve upon the comments and conclusions reached by Mr. Chief Justice Drew in the case In re Baldridge’s Estate, Fla.1954, 74 So.2d 658, 659, from which we quote as follows:
“No useful purpose would be served by a detailed review of the evidence which was taken before the County Judge and the exhibits which he had before him. The trial was conducted by able attorneys and when the evidence was concluded no stone remained unturned. The County Judge, the trier *913 of the facts under the law, had the witnesses before him; he had the opportunity of observing them on the stand, of noting the inflections of their voices, of seeing their facial expressions, and of perceiving their promptness or hesitancy in their answers to questions, their sincerity or lack of sincerity, and untold other matters which cannot be included in a record in an appellate court. Every .judge knows that these intangible and sometimes elusive factors are as essential to the determination of truth as the spoken word. All., of these factors are fed into the trained mind of a trial judge and his conclusions are the essence thereof. Appellate courts simply don’t have the same material to deal with in respect to evidence as does the trial court and that is the reason that this Court has said on innumerable occasions that neither we nor other appellate courts have the right to interfere with the findings of fact of the trial court unless there is an absence of substantial competent evidence to support such findings or the trial court misapprehends the legal effect of such evidence as a whole. In the recent case of In re Kiggins’ Estate, Fla., 1953, 67 So.2d 915, 917, a case strikingly similar to this one, we said:
“ ‘ * * * it is the clear duty of the appellate courts to give effect to the findings made by the trier of facts if there is “substantial competent evidence” upon which his findings rest and if he did not misinterpret the legal effect thereof. In re Eberhardt’s Estate, Fla., 1952, 60 So.2d 271, and the cases therein cited. * * *
See also In re Kiggins’ Estate, Fla.1953, 67 So.2d 915; In re Eberhardt’s Estate, Fla. 1952, 60 So.2d 271; and In re Wilmott’s Estate, Fla.1953, 66 So.2d 465.
Finding no error, the order appealed from is affirmed.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.