PER CURIAM.
This is an appeal from a final order of the County Judge’s Court in and for Dade County, Florida. The order denied the appellant’s petition for the probate of an alleged will of October 3, 1963, and admitted to probate a prior will.
The basis for the County Judge’s order was his finding that the will propounded by the appellant, Lucille A. Degler, was the product of undue influence exercised by her upon the testatrix. In the brief filed by the appellant, the single point presented on appeal contends that the trial court’s finding of undue influence is not supported by the record.
In a case similar to the one before this Court, the late Justice Terrell stated:
“ * * * when a total stranger moves into the home with an old lady, secures her confidence, and shows up after her death with a will to what she has that none of her lawful heirs know anything about, and which is surrounded by other suspicious circumstances, the burden is on him to show that he came by it as the free voluntary act of the testatrix * * *." In re Gottschalk’s Estate, 143 Fla. 371, 196 So. 844 (1940), at page 845.
An order of a county judge sitting in probate will not be disturbed on appeal where there is substantial competent evidence to sustain his finding unless he has misinterpreted the legal effect of the evidence as a whole. Watts v. Newport, 149 Fla. 181, 6 So.2d 829 (1941); Heasley v. Evans, Fla.App. 1958, 104 So.2d 854.
The County Judge has made full and complete findings as to the evidentiary facts. An examination of the record reveals *117 that there is substantial competent evidence to support these findings, and it does not appear that the trial judge has misinterpreted the legal effect of the evidence. In view of our conclusion, it would serve no useful purpose to present a detailed analysis of the record on appeal.
The order appealed is affirmed upon authority of Watts v. Newport, 149 Fla. 181, 6 So.2d 829 (1941). See also In re Estate of Reid, Fla.App.1962, 138 So.2d 342.
Affirmed.