PER CURIAM.
This is an appeal by contestant-appellant, Elmer L. Walker, brother of the deceased, H. Vivian Walker, from an order admitting the Will of said H. Vivian Walker to probate.
*353 We have carefully examined the voluminous testimony, depositions, exhibits and the law presented by the briefs filed herein and, while there appears to be some conflicts in testimony, we conclude these were properly resolved by the probate judge.
We are in accord with our Supreme ■Court which, when faced with a similar situation in In re Estate of Wm. F. Zimmerman, Deceased, Fla.1956, 84 So.2d 560, stated on page 561:
“The probate judge heard all the witnesses, except those who testified by deposition, and, as we have observed in similar cases, he was in a much better position than we are to evaluate the effect of their testimony, and fit into the complex puzzle that confronted him the various pieces that went to make up the entire picture. Many of the witnesses he apparently knew personally or by reputation; he had an opportunity to view their reactions and the directness or apparent lack of sincerity of particular witnesses in giving their replies to questions. Through his direct contact with the case he was in a position to carry in his own mind the continuity of events as they unfolded before him on the witness stand. In fact, this record in our judgment clearly justifies the application of the rule which we have consistently followed that we will not interfere with the findings of fact or the conclusions of law reached by the probaté judge on the basis of such factual findings unless there is an absence of substantial competent evidence to support the findings or the trial court misapprehends the legal effect of the evidence as a whole.”
There is competent, substantial evidence to support the probate judge’s findings and there has been no showing of a misapprehension of the legal effect of the evidence as a whole.
Affirmed.
SHANNON, Acting C. J., and LILES and HOBSON, JJ., concur.