205 So.2d 554 (1968)
In re ESTATE OF Mildred COLES, Deceased.
FIRST NATIONAL BANK IN FORT MYERS, As Executor of the Last Will and Testament of Mildred Coles, Deceased, Appellant,
v.
Helen HEUCKSTAEDT, Charles Secky, Hattie Krkavec, Lillian Drabek and Jeannette Sanderson, Appellees.
No. 7459.
District Court of Appeal of Florida. Second District.
January 5, 1968.
Rehearing Denied January 26, 1968.
Herb Blessing, of Wotitzky, Wotitzky & Schoonover, Punta Gorda, for appellant.
Bernard R. Moseley, of Farr, Farr & Haymans, Punta Gorda, for appellees.
*555 SHANNON, Judge.
This appeal is from an order rendered in a will contest suit revoking the probate of a will dated August 11, 1965, and purported to be the last will and testament of Mildred Coles, deceased. Appellant is the executor of such will, and appellees are Mrs. Coles' sister, three nieces, and nephew.
Mrs. Coles died on September 13, 1965, leaving neither surviving spouse nor any lineal descendants. Appellant petitioned for the probate of her purported will of August 11, 1965, and the court below ordered its admission. Appellees then filed a petition for revocation of probate, alleging lack of testamentary capacity, undue influence, and insufficient number of disinterested witnesses. After conducting a two-day hearing, the court revoked probate, ruling that Mrs. Coles had lacked testamentary capacity. It made no findings as to the other grounds urged in appellees' petition for revocation, basing its order solely on lack of testamentary capacity.
It appears that Mrs. Coles moved from Chicago, Illinois, to Port Charlotte, Florida, in 1964. Before leaving Chicago she had executed a will, dated January 30, 1964, in which she had made certain small bequests and had bequeathed the residue of her estate to appellees, each to take a fifth thereof. In March of 1965 she was admitted to St. Joseph's Hospital in Port Charlotte as a terminal cancer patient. Sometime thereafter Reverend Harold A. Ahalt, pastor of Holy Trinity Lutheran Church, Port Charlotte, in the course of his regular hospital rounds, began paying visits to Mrs. Coles, herself a Lutheran. On August 8, 1965, Mrs. Coles was made a member of Holy Trinity Lutheran Church by Reverend Ahalt. On August 11 Mrs. Coles executed the will here involved, in which she made small bequests to Appellees Heuckstaedt and Secky and bequeathed the residue of her estate, amounting to approximately 95% thereof, to the church of which she had been made a member just three days before. Mrs. Coles died 33 days later, having never been in Holy Trinity Lutheran Church.
Testamentary capacity is determined as of the moment the will was executed and requires merely the ability of the testator to understand in a general way the nature and extent of the property to be disposed of, his relation to those who would naturally claim a substantial benefit from his will, and the practical effect of his will as executed. In re Wilmott's Estate, Fla. 1953, 66 So.2d 465, 467, 40 A.L.R.2d 1399; In re Estate of Dunson, Fla.App. 1962, 141 So.2d 601, 604; In re Estate of Bailey, Fla. App. 1960, 122 So.2d 243, 245. An appellate court will not interfere with a probate court's finding as to testamentary capacity unless there is an absence of substantial competent evidence to support its finding or unless it appears that such court misapprehended the legal effect of the evidence as a whole. In re Estate of Zimmerman, Fla. 1956, 84 So.2d 560, 561; In re Wilmott's Estate, supra at 66 So.2d 467; Watts v. Newport, 1941, 149 Fla. 181, 185, 6 So.2d 829, 830; In re Estate of Bailey, supra at 122 So.2d 247.
A study of the record leads to the conclusion that there was substantial competent evidence to sustain a finding that Mrs. Coles lacked the requisite testamentary capacity at the moment she executed the will in question. She signed the document at 11:00 a.m. At 9:05 the same morning she had been given an injection of dilaudid, a narcotic, to reduce her extreme pain. Dr. Nisi, her treating physician at the time, testified that dilaudid affects the intellect and the reasoning processes and that stupefaction almost always occurs as a result of its use. He further testified that Mrs. Coles at 11:00 a.m. would still have been under the influence of the injection given to her less than two hours earlier.
A testator's use of drugs does not render him at all times incapable of possessing testamentary capacity, In re Wilmott's Estate, supra at 66 So.2d 467; In re Estate *556 of Bailey, supra at 122 So.2d 246, and there was evidence to the effect that Mrs. Coles was alert and rational when she signed the will. However, it is the very existence of conflict in the evidence that dictates our decision. Dr. Nisi's testimony sufficiently supports a finding that Mrs. Coles did not possess testamentary capacity at 11:00 a.m. on August 11, 1965. Accordingly, we are compelled to affirm.
The order revoking the probate of the will of August 11, 1965, is affirmed.
Affirmed.
LILES, C.J., and PIERCE, J., concur.