206 So.2d 58 (1968)
In re ESTATE of Jose C. PEREZ, Deceased.
Mary Frances DRESSING, Appellant,
v.
ESTATE of Jose C. PEREZ, Deceased, Appellee.
No. 67-67.
District Court of Appeal of Florida. Third District.
January 16, 1968.
Rehearing Denied February 6, 1968.
*59 Duff, Brown & Gramling, Miami, Raymond R. Lord, Key West, for appellant.
Neblett, Sauer & Chappell, Key West, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from a final probate order of the County Judge's Court of Monroe County which denied appellant's petition for revocation of probate of a will. Two points on appeal are presented. The first challenges the sufficiency of the evidence as to testamentary capacity. The second urges that the evidence of fraud, duress or undue influence was so strong as to render erroneous the order sustaining the probate of the will. We affirm.
Each point presented requires a review of the evidence, and we think that in each instance there was sufficient evidence to sustain the finding of the county judge. An order of a county judge sitting in probate will not be disturbed on appeal where there is substantial competent evidence to sustain his findings, unless he has misinterpreted the legal effect of the evidence. Watts v. Newport, 149 Fla. 181, 6 So.2d 829; Heasley v. Evans, Fla.App. 1958, 104 So.2d 854; In Re Estate of Craig, Fla. App. 1965, 179 So.2d 116.
Upon the issue of testamentary capacity, there was evidence that the deceased was very ill, that for long periods of time he did not know what was going on around him, but there was testimony that at the particular time of the execution of the will, he was competent. The burden of establishing the lack of testamentary capacity is on the will contestant. Schaefer v. Vogle, 88 Fla. 170, 102 So. 7 (1924); In Re Bailey's Estate, Fla.App. 1960, 122 So.2d 243. Mere old age, physical frailty or sickness are not necessarily inconsistent with testamentary capacity, particularly where the will appears to have been made under fair circumstances and was not unnatural in the disposition of the property. See Heasley v. Evans, Fla.App. 1958, 104 So.2d 854.
It is true, as urged by the appellant, that the amount of undue influence need not be great where a testator is weak and his intellect clouded. In re Reid's *60 Estate, Fla.App. 1962, 138 So. 342; see cases collected at 57 Am.Jur., Wills, § 356. Nevertheless, the burden of establishing undue influence is upon the party who alleges it and it may not be inferred from the existence of testator's condition. See Gardiner v. Goertner, 110 Fla. 377, 149 So. 186 (1932). We do not feel that the appellant has sustained the burden of proof necessary to overthrow the will on the grounds of testamentary incapacity and undue influence.
Having decided the case upon the principles of law set forth, we do not think that it is necessary or useful to detail the conflicting evidence before the county judge. See In Re Zimmerman's Estate, Fla. 1956, 84 So.2d 560.
Affirmed.