PIERCE, Acting Chief Judge.
This case is an appeal from the Juvenile and Domestic Relations Court of Hills-borough County, which Court after hearing adjudicated the minor, Warren Marshall, to be a delinquent child.
The sole point made here is that the evidence before the Juvenile Court Judge was insufficient to identify the minor as being the perpetrator of the offense charged.
Petition was filed in said Court pursuant to F.S. Section 39.05, F.S.A., charging the minor, Marshall, with being a delinquent as defined therein, based upon the allegation that Marshall and two other juveniles forcibly took a watch from one Fortunato Costa, and followed this up by knocking him to the ground. Costa was a 76 year old retiree, and testified that during the early hours of October 16, 1967, three Negro youths approached him, took his watch, and pushed or knocked him to the ground. Costa made a conditional identification of Marshall as one of the three boys and particularly the one who took his watch, but a disinterested witness, Albert Werner, made positive identification. The eminent Juvenile Court Judge was the trier of the facts and evidently believed these witnesses because he found the truth of the allegations of the petition.
F.S. Section 39.14, F.S.A., prescribing procedure on appeals from Juvenile Courts to District Courts of Appeal, says in subsection 7 thereof that the appellate Court “shall decide only whether a lawful order has been entered by the juvenile court, and shall not substitute its judgment for that of the juvenile court in discretionary mat' ters.”
While the strict rule of sub-paragraph 7 is of course not binding upon the District Courts of Appeal in the exercise of their jurisdiction under Article 5, § 5, of the Constitution, F.S.A., the Supreme Court, in Noeling v. State, Fla.1956, 87 So.2d 593, has laid down a very salutary mandate for the appellate. Courts to be governed by in considering cases appealed from Juvenile Courts under F.S. Chapter 39 F.S.A. In Noeling, it was held:
“We therefore hold that in reviewing the order of the Juvenile Judge in mat *488 ters of this nature, the scope of review is limited to a determination of the question whether he misinterpreted the legal effect of the evidence as a whole or whether in some fashion he departed from the essential requirements of the law. This has consistently been our position in probate matters and we feel that the rule is equally applicable in reviewing orders of Juvenile Courts under Chapter 39, Florida Statutes, F.S.A. For the analogous rule, see In re Thompson’s Estate, Fla.1955, 84 So.2d 911; and In re Zimmerman’s Estate, Fla.1956, 84 So.2d 560, and cases there cited. See also 5 Fla.Jur. ‘Certiorari’ Sections 29 and 31.”
The above holding in Noeling was in effect followed by the 3rd District Court in Zaun v. State, Fla.App.1962, 135 So.2d 866.
Tested by the aforesaid rule, we hold that the Juvenile Court here had sufficient, competent evidence before it to sustain the allegations of the petition which constituted the basis for the hearing. This being so, the order appealed from is accordingly affirmed.
Affirmed.
HOBSON and MANN, JJ., concur.