SWANN, Judge.
Adele B. Crabtree executed a will on November 4, 1968, prepared by her attorney. She was 83 years old when she passed away on September 29, 1969.
The will of November 4, 1968 was admitted to probate. Hoyal A. Conway, also known as D. Conway, thereafter filed a petition for revocation of that will and for the probate of an instrument dated July 23, 1969 alleged to be her last will and testament. The instrument was on a page in a memorandum book belonging to Adele B. Crabtree. The part of the will which is pertinent to this appeal is reproduced below:

*504 Issues were joined by the pleadings and a final hearing was held at which testimony was introduced to prove, among other things, the testamentary intent of the deceased, Adele B. Crabtree.
The trial judge ruled, in part, that the writing of July 23, 1969 was a testamentary instrument as far as it related to the disposition of the property of Adele Crabtree. This appeal is from that order.
The sole and only point as framed and argued by appellant on this appeal is:
“Whether the lower court erred in finding testamentary intent in a fact situation where the decedent merely wrote a handwritten memorandum in a memo book concerning intentions of changing her formal will, which changes were never accomplished and where she later affirmed her formal will.”
No question is raised as to the proper execution and attestation of the will.
Essentially, this argument is whether there was sufficient substantial, competent evidence to support a finding by the trial court of testamentary intent on the part of Adele B. Crabtree.
Although there was conflicting and inconsistent testimony, we find there was sufficient substantial, competent evidence in the record to sustain the finding of the trial judge as to the testamentary intent of Adele B. Crabtree even though she used preca-tory words in the instrument. See In re Thompson’s Estate, Fla.1955, 84 So.2d 911; In re Estate of Perez, Fla.App.1968, 206 So.2d 58; In re Estate of Coles, Fla.App.1968, 205 So.2d 554; and In re Reid’s Estate, Fla.App.1962, 138 So.2d 342.
Affirmed.
CARROLL, J., dissents.