PER CURIAM.
On March 25, 1969, the appellant child was adjudicated delinquent for the unlawful breaking and entering of a residence in Dade County, Florida and committed to the Florida School for Boys. That commitment was suspended, and the child was retained under the supervision of the court. On October 28, 1969, a new petition for delinquency was filed. A hearing was held thereon and on the 29th day of December 1969 the court committed the appellant to the division of Youth Services, State of Florida, for the period of his minority. Thereafter the adjudication and commitment were vacated and set aside and a new trial granted. On January 29, 1970, a supplementary petition was filed which recited as follows:
“ * * * that said child was on March 25, 1969 adjudicated delinquent on the following cases: (1) Case No. 68-4127-DS; (2) Case No. 68-4131-DS; and (3) Case No. 69-253-DS. The disposition on *496 the foregoing cases was two (2) suspended commitments to the Florida School for Boys and a suspended commitment to the Dade County Childrens Home and said child was placed under the supervision of an officer of this Court provided:
‘(1) That said child shall obey all reasonable directions and restrictions imposed by said officer.
‘(2) That said child shall not become involved in any further delinquent acts.’
“The Court is now advised and informed that said child violated the provisions of supervision, in that
‘(a) said child did on or about December 15, 1969, at or near 1141 S.W. 73rd Avenue, Miami, Dade County, Florida, use the automobile of Prude Rodriquez, without the consent of the owner.
‘(b) said child did on October 5, 1969, at or near 1204 S.W. 70th Avenue, Dade County, Florida, break and enter an automobile in the custody of Ted Leamons, with intent to commit larceny.
(c) said child was, during the months of September, October, November, and December 1969 a persistent truant from school.”
A hearing was held before one of the judges of the Juvenile and Domestic Relations Court, in and for Dade County, Florida on the 4th day of January 1970. At the conclusion of the hearing the court announced “I am going to find that he violated the terms of his probation and supervision and put the suspended commitment to the State School into effect.” This appeal is from that order.
The appellant has presented two points. The first attacks the sufficiency of the evidence to support the finding. We have reviewed the evidence contained in the file and find that the evidence is legally sufficient to support the violation of probation and supervision. Section 39.14(6) Fla.Stat., F.S.A.; Zaun v. State, Fla.App.1962, 135 So.2d 866; In Re Marshall, Fla.App.1968, 214 So.2d 486.
The second point presented urges that improper evidence was considered by the trial judge in that the court took into consideration the adjudication which was entered on the 29th day of December 1969 and which was set aside. This conclusion is drawn from advice given by the juvenile judge to the parents after the adjudiction which is appealed. While it is apparent that the juvenile judge knew of the prior adjudication which had been set aside, there is nothing in the record to indicate that the finding that the appellant was guilty of violations of the terms of his probation and supervision was in any way influenced by this adjudication. Section 39.14(6) Fla.Stat., F.S.A.; Zaun v. State, Fla.App.1962, 135 So.2d 866; In Re Marshall, Fla.App.1968, 214 So.2d 486.
Finding that no error has been demonstrated the order appealed is affirmed.